**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

IN RE:                                                    BKY CASE NO.:  14-41665

TRISHE WIND ENERGY HOLDINGS, INC.,                        CHAPTER 7

DEBTOR.

**NOTICE OF EXPEDITED HEARING AND MOTION OF TRISHE WIND ENERGY,**
**INC. TO CONVERT DEBTOR'S CASE**

TO:   The Debtor and other entities specified in Local Rule 9013-3.

1.      Trishe Wind Energy, Inc. ("TWEI"), by and through its undersigned attorneys,

moves the court for the relief requested below and gives notice of hearing.

2.      The court will hold a hearing on this motion at **1:00 p.m. on April 29, 2014**,

before the Honorable Kathleen H. Sanberg, Courtroom 8 West, United States Courthouse, 300

South Fourth Street, in Minneapolis, Minnesota.

3.      Any response to this motion must be filed and served prior to the hearing.

**UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT**

**MAY GRANT THE MOTION WITHOUT A HEARING.**

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1.  This proceeding is a core proceeding.

The petition commencing this Chapter 7 case was filed on April 18, 2014 (the "Petition Date").

The case is now pending in this court.

5.      This motion arises under 11 U.S.C. § 706(b).  This motion is filed under Fed. R.

Bankr. P. 1017 and Local Rule 1017-2.  For the reasons set forth in the accompanying

memorandum in support of this conversion motion, TWEI requests that the Court enter an order

converting the Debtor's Chapter 7 case to a Chapter 11 case and appointing MorrisAnderson &

Associates, Ltd. as the Debtor's Chief Restructuring Officer.

## BASIS FOR EXPEDITED RELIEF

6.      Pursuant to Local Rule 9006-1(e), TWEI requests an expedited hearing on its

conversion motion.  Expedited relief is necessary because TWEI seeks to maximize the Debtor's

value in a Chapter 11 case for the benefit of all parties, and the Debtor's going-concern value is

diminishing in the Chapter 7 case.

7.      As set forth in the Affidavit of Monica Clark filed herewith, counsel for TWEI

has taken all reasonable steps to provide all parties with the most expeditious service and notice

of the conversion motion.

8.      TWEI may offer additional evidence at the hearing on this motion, including the

testimony of Randall Washington, Secretary/Treasurer of TWEI, Howard Korenthal, the

proposed Chief Restructuring Officer and Principal of MorrisAnderson & Associates, Ltd., and

Vivek Mittal.  TWEI may also call any witness identified by any responding party.

WHEREFORE, TWEI respectfully requests that this Court enter an order (i) granting

expedited relief; (ii) converting the Debtor's Chapter 7 case to a Chapter 11 case; and (iii)

appointing MorrisAnderson & Associates, Ltd. as the Debtor's Chief Restructuring Officer.

Dated:  April 25, 2014

**ADAMS AND REESE LLP**

John M. Duck, Louisiana Bar #05104
(admitted *pro hac vice*)
4500 One Shell Square
701 Poydras Street
New Orleans LA 70139
Telephone:  504-581-3234
Fax:  504-566-0210
john.duck@arlaw.com

David K. Bowsher, Alabama Bar #1703-D56B
(admitted *pro hac vice*)
1901 Sixth Avenue North, Suite 3000
Birmingham, AL  35203-3367
Telephone:  205-250-5000
Fax:  205-250-5034
david.bowsher@arlaw.com

**DORSEY & WHITNEY LLP**

By:  Monica Clark, Esq.
Monica Clark, #28211X
Elizabeth Hulsebos, #0390389
Suite 1500, 50 South Sixth Street
Minneapolis, MN  55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

Attorneys for Trishe Wind Energy, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-41665 |
| **TRISHE WIND ENERGY HOLDINGS, INC.,** | ) | |
| | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-41666 |
| **NATIONAL WIND, LLC,** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-41667 |
| **NORTHWEST OHIO WIND ENERGY, LLC,** | ) | |
| | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-41668 |
| **NECO WIND, LLC,** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-41669 |
| **LAKE COUNTRY WIND ENERGY, LLC,** | ) | |
| | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>VERIFICATION</u>

I, Randall Washington, an Officer of Movant Trishe Wind Energy, Inc., being duly sworn

under oath, state that the Motion to Convert Case to Chapter 11 and Memorandum of Law in

Support of the Motion to Convert Case to Chapter 11 are true to the best of my knowledge,

information, and belief and that Trishe Wind Energy, Inc. is entitled to the relief sought.

_Randall Washington_

State of NC
County of Mecklenburg

Subscribed and sworn to before me this __ day of April,
2014.

_Notary Public_

My commission expires: _Oct 26, 2016_

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 14-41665** |
| **TRISHE WIND ENERGY HOLDINGS,** | ) | |
| **INC.,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | **Case No. 14-41666** |
| **NATIONAL WIND, LLC,** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | **Case No. 14-41667** |
| **NORTHWEST OHIO WIND ENERGY,** | ) | |
| **LLC,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | **Case No. 14-41668** |
| **NECO WIND, LLC,** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | **Case No. 14-41669** |
| **LAKE COUNTRY WIND ENERGY,** | ) | |
| **LLC,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>MEMORANDUM IN SUPPORT OF</u>
## <u>MOTION OF TRISHE WIND ENERGY, INC. TO CONVERT THE DEBTORS' CASES</u>

Trishe Wind Energy, Inc., by and through its undersigned attorneys, files this memorandum in support of its motion to convert the Debtors' Chapter 7 cases (the "Motion to Convert"), and respectfully states as follows:

## I.    INTRODUCTION

As evidenced by a recent offer to purchase – for tens of millions of dollars – the assets of only one of the five debtors (collectively, the "Debtors"), the Debtors do not belong in Chapter 7. Trishe Wind Energy, Inc. ("TWEI") – the sole shareholder of Debtor Trishe Wind Energy Holdings, Inc. ("Holdings") – asks this Court to convert the Debtors' cases to Chapter 11 cases, so that the Debtors' considerable going-concern value can be preserved for the benefit of all parties.

TWEI intends to preserve this value and to optimize the Debtors' reorganization prospects, if this Court grants its Motion to Convert. Accordingly, in the days following the Chapter 7 filings, a TWEI affiliate, Trishe Resources, Inc., has arranged for the deposit of $500,000 into a separate account to be used for the Debtors' immediate operating expenses (including the payment of wages), and TWEI is in discussions with a Chief Restructuring Officer and Chapter 11 counsel for the Debtors. For the reasons more fully set forth below, TWEI respectfully requests that this Court convert the Debtors' cases to Chapter 11, pursuant to 11 U.S.C. § 706(b).

## II.    RELEVANT FACTS

### A.  Background

TWEI is providing the Court with facts regarding a control dispute at the Debtor companies, so that the Court has the complete factual background of these cases. TWEI is not, however, asking this Court to resolve the control dispute in its Motion to Convert.

2

Holdings and its subsidiaries, National Wind, LLC; Northwest Ohio Wind Energy, LLC; NECO Wind, LLC; and Lake Country Wind Energy, LLC ("Operating Subsidiaries") are owners and developers of wind energy projects in Minnesota, Ohio, and Colorado.

In 2011, VRONE Energy Private Limited acquired the Operating Subsidiaries and established TWEI and Holdings as holding companies for the Operating Subsidiaries. To finance the acquisition and operation of the Operating Subsidiaries, VRONE's principals invested their own funds and Punjab National Bank (International) Limited ("PNB") loaned TWEI millions of dollars based, in part, on the collateral value of TWEI's, Holdings', and the Operating Subsidiaries' assets. Those loans are also guaranteed by VRONE and its principals.

In 2013, VRONE and Holdings' president and director, Vivek Mittal, disagreed over how to fund Holdings and the Operating Subsidiaries. In January 2014, through a series of board and shareholder actions VRONE and TWEI believe were invalid, Mittal attempted to convert approximately $55,000 of loans to Holdings from Millennium Resource Strategies Limited (a company he controls) into a supermajority of Holdings' common stock, thus diluting TWEI's interest in Holdings from 100 percent to approximately 0.1 percent. For the Court's convenience, diagrams of the corporate structure both before and, according to Mittal, after Mittal took the disputed board and shareholder actions are attached as Exhibit 1.

**B. Value of the Debtors' Assets**

Holdings and the Operating Subsidiaries are worth millions of dollars. Prior to the filing of the Debtors' cases, a third party offered to purchase Northwest Ohio Wind Energy, LLC's assets for tens of millions of dollars. The same party also expressed a willingness to purchase all or substantially all of the Debtors' assets in a Section 363 sale, if the Debtors filed a Chapter 11

3

petition in Delaware.[1]   Additionally, another party was willing to invest millions of dollars for a minority equity stake in TWEI, and PNB loaned millions of dollars to TWEI based in part on the collateral value of the Operating Subsidiaries.

An affiliate of TWEI, Trishe Resources, Inc. ("TRI"), now seeks to provide the Debtors with (i) immediate debtor-in-possession financing of $500,000, which TWEI estimates will allow the Debtors to continue operating and paying their employees for 30-45 days; and (ii) at least an additional $2.7 million - up to $3.2 million - in additional DIP financing following this Court's approval of such financing and the appointment of a Chief Restructuring Officer.  This funding was not available pre-petition because of the ownership dispute described above.

## III.   ARGUMENT

TWEI seeks conversion of the Debtors' Chapter 7 liquidation cases under 11 U.S.C. § 706(b).  Section 706(b) provides:

> (b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

The decision to convert a case under § 706(b) is "left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest."  *In re Schlehuber*, 489 B.R. 570, 573 (BAP 8th Cir. 2013) (internal quotations and citations omitted).  Because Section 706(b) does not provide specific grounds for conversion, "a court 'should consider anything relevant that would further the goals of the Bankruptcy Code.'"  *Id.* (quoting *Proudfoot Consulting v. Gordon* (*In re Gordon*), 465 B.R. 683, 692 (Bankr. N.D. Ga. 2012)).

Since a primary goal of the Bankruptcy Code is to maximize the value of the bankruptcy estate, courts consider whether the estate will be enhanced if the case is converted to Chapter 11.

---

[1] The purchase price and identity of the proposed purchaser are subject to confidentiality agreements.

4

*In re Baker*, 503 B.R. 751, 755 (Bankr. M.D. Fla. 2013) (converting the debtor's case based upon a finding that conversion "will maximize the bankruptcy estate and enable creditors to receive a greater distribution than they would receive in a Chapter 7 case"); *In re Gordon,* 465 B.R. at 692 (determining that conversion of the case was "in the best interest of all the creditors, as it will maximize the Debtor's estate").

Courts reviewing a Section 706(b) motion also consider whether the debtor has sufficient income to fund a Chapter 11 plan. *In re Schlehuber,* 489 B.R. at 575 ("the bankruptcy court acted within its discretion by determining that the Debtor's ability to pay was 'far and away an important factor under § 706(b),' and converting the case to Chapter 11"); *In re Baker*, 503 B.R. at 757 (stating that "courts generally consider whether the debtor has sufficient disposable income to fund a Chapter 11 plan"); *In re Gordon,* 465 B.R. at 692–93 ("[A]bility to pay is certainly a factor that may be used in evaluating the appropriate chapter in which a debtor should operate to obtain a discharge.").

It is indisputable that converting the Debtors' cases from Chapter 7 liquidation to Chapter 11 reorganization will benefit all parties in interest, including the Debtors and the creditors in these cases. Conversion to Chapter 11 will enhance the value of the bankruptcy estates, since "a viable reorganization plan typically provides a greater payment to creditors while preserving the economic life of the entity." *United States v. TM Bldg. Products, Ltd.*, 231 B.R. 364, 369 (S.D. Fla. 1998) (internal quotations and citation omitted); *see also In re Energy Res. Co., Inc.*, 871 F.2d 223, 233 (1st Cir. 1989).

Rather than have the Debtors' assets quickly liquidated under Chapter 7 for far less than their going-concern value, TWEI[2] seeks to have a CRO evaluate the Debtors' businesses and assets, to determine whether the Debtors and their creditors would be better served by reorganizing.  But even if they are not, the Debtors still will benefit significantly if their assets are sold under a liquidating plan or a Section 363 sale, rather than liquidated under Chapter 7.  This is evidenced, as discussed above, by the fact that a third party was previously willing to offer millions of dollars for the Debtors' assets in a controlled sale process in Chapter 11.

If this Court grants the Motion to Convert and approves TRI's proposed DIP financing, $500,000 will be available to the Debtors immediately.  TRI is depositing the cash into a separate account at Bank of America for anticipated use by the Debtors.  TWEI estimates that this initial cash infusion will allow the Debtors to (i) continue operating for 30-45 days and pay employees their back and current wages; (ii) retain an independent CRO and Chapter 11 counsel for the Debtors;[3] and (iii) provide working capital and other general short-term financial funding for the Debtors' needs.  This initial loan will also allow the CRO sufficient time to evaluate whether a reorganization or controlled sale process will maximize the value of the estates.  Further, TRI intends to advance additional funds of up to $2.7 million for use after the $500,000 has been exhausted, upon this Court's approval of the DIP financing.  TWEI and TRI are committed to seeking this DIP financing if needed.

---

[2] Even if the Court assumed, without deciding, that the actions Vivek Mittal took to dilute TWEI's shares of Holdings were effective, TWEI still holds 1,000 shares in Holdings and is therefore a "party in interest."

[3] TWEI is in discussions with Michael Meyer and MorrisAnderson & Associates, Ltd. regarding their respective retention as Chapter 11 counsel and CRO for the Debtors.

Converting the cases to Chapter 11 and appointing a CRO will enable the companies to be operated by an impartial manager,[4] who can engage in the important work of developing wind energy, free of problems related to the ownership dispute.  This approach will also ensure that the Debtors are able to file feasible plans of reorganization that will maximize the value of the estates and provide for a maximum recovery for creditors.

## IV.    CONCLUSION

Conversion of these cases from Chapter 7 liquidation to Chapter 11 reorganization pursuant to § 706(b) "will most inure to the benefit of all parties in interest," including the Debtors and their creditors.  Conversion will maximize the value of the estates, allow the funding of a feasible plan, and generally further the goals of the Bankruptcy Code.  Accordingly, this Court should grant the Motion to Convert.[5]

---

[4] In connection with its request that the Court convert the Debtors' cases, TWEI also seeks the appointment of a CRO to manage and lead the Debtors.  Accordingly, if the Court grants the motion, TWEI requests that the Court appoint MorrisAnderson & Associates, Ltd. as the Debtors' CRO.

[5] If this Court denies the Motion to Convert, TWEI reserves its right to seek dismissal of the cases based on lack of authority to file them and on any other grounds.

Dated:  April 25, 2014

**ADAMS AND REESE LLP**

John M. Duck, Louisiana Bar #05104
(admitted *pro hac vice*)
4500 One Shell Square
701 Poydras Street
New Orleans LA 70139
Telephone:  504-581-3234
Fax:  504-566-0210
john.duck@arlaw.com

David K. Bowsher, Alabama Bar #1703-D56B
(admitted *pro hac vice*)
1901 Sixth Avenue North, Suite 3000
Birmingham, AL  35203-3367
Telephone:  205-250-5000
Fax:  205-250-5034
david.bowsher@arlaw.com

**DORSEY & WHITNEY LLP**

By:  Monica Clark, Esq.
Monica Clark, #28211X
Elizabeth Hulsebos, #0390389
Suite 1500, 50 South Sixth Street
Minneapolis, MN  55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

Attorneys for Trishe Wind Energy, Inc.

8



**Before Mittal Took Disputed Actions**

Exhibit 1

According to Mittal, After Mittal Took Disputed Actions



Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**


IN RE:                                                    BKY CASE NO.:  14-41665

TRISHE WIND ENERGY HOLDINGS, INC.,                              CHAPTER 7

DEBTOR.

**<u>ORDER</u>**

This case is before the court on the motion of Trishe Wind Energy, Inc. to convert the

debtor's case.  Based on the motion and the file,

IT IS ORDERED:

1.       The expedited relief is granted.

2.       The debtor's case is converted to a Chapter 11 case.

3.       MorrisAnderson & Associates, Ltd. is appointed as the Debtor's Chief

Restructuring Officer.

Dated:


_____
Kathleen H. Sanberg
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 14-41665** |
| **TRISHE WIND ENERGY HOLDINGS,** | ) | |
| **INC.,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 14-41666** |
| **NATIONAL WIND, LLC,** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 14-41667** |
| **NORTHWEST OHIO WIND ENERGY,** | ) | |
| **LLC,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 14-41668** |
| **NECO WIND, LLC,** | ) | |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 14-41669** |
| **LAKE COUNTRY WIND ENERGY,** | ) | |
| **LLC,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I, Monica Clark, of Dorsey & Whitney LLP, certify that, on April 25, 2014, I caused the attached

> Notice of Expedited Hearing and Motion of Trishe Wind Energy, Inc. to Convert Debtor's Case; Memorandum in Support of Motion of Trishe Wind Energy, Inc. to Convert the Debtors' Cases; and proposed Order

to be served via CM/ECF or Messenger, as indicated, on the following:

**VIA CM/ECF**

Douglas W. Kassebaum, Esq.
Fredrikson & Byron, P.A.
200 South Sixth St., Suite 4000
Minneapolis, MN  55402
dkassebaum@fredlaw.com

Michael R. Fadlovich
Office of the U.S. Trustee
U.S. Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
Michael.fadlovich@usdoj.gov

**VIA CM/ECF**

Randall L. Seaver, Esq.
12400 Portland Avenue South, Suite 132
Burnsville, MN  55337
rseaver@fssklaw.com
ustpregion12.mn.ecf@usdoj.gov

**VIA MESSENGER**

Trishe Wind Energy Holdings, Inc.
706 2nd Avenue South, Suite 1200
Minneapolis, MN  55402

Northwest Ohio Wind Energy, LLC
706 2nd Avenue South, Suite 1200
Minneapolis, MN  55402

Lake Country Wind Energy, LLC
706 2nd Avenue South, Suite 1200
Minneapolis, MN  55402

**VIA MESSENGER**

National Wind, LLC
706 2nd Avenue South, Suite 1200
Minneapolis, MN  55402

NECO Wind, LLC
706 2nd Avenue South, Suite 1200
Minneapolis, MN  55402

Dated:  April 25, 2014

**DORSEY & WHITNEY LLP**


By /e/ Monica Clark
Monica Clark, #28211X
Elizabeth Hulsebos, #0390389
Suite 1500, 50 South Sixth Street
Minneapolis, MN  55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

Attorneys for Trishe Wind Energy, Inc.