UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA
_____

In re:

    TRISHE WIND ENERTY HOLDINGS, INC.

                                              BKY 14-41665
        Chapter 7 Debtor
_____

In re:

    NATIONAL WIND, LLC.

                                              BKY 14-41666
        Chapter 7 Debtor
_____

In re:

    NORTHWEST OHIO WIND ENERGY, LLC.

                                              BKY 14-41667
        Chapter 7 Debtor
_____

In re:

    NECO WIND, LLC.

                                              BKY 14-41668
        Chapter 7 Debtor
_____

In re:

    LAKE COUNTRY WIND ENERGY, LLC.

                                              BKY 14-41669
        Chapter 7 Debtor
_____

**UNITED STATES TRUSTEE'S OBJECTION TO EXPEDITED HEARING
AND MOTION TO CONVERT CASES FROM CHAPTER 7 TO CHAPTER 11**
_____

        The United States Trustee, through his undersigned attorney, objects to the motions

brought in each of the above named chapter 7 cases by Trishe Wind Energy, Inc. (TWEI), seeking

and expedited hearing and an order converting each of the above captioned cases to cases under

chapter 11 and for the appointment of a chief restructuring officer (Motion).    In furtherance of his objections, the U.S. Trustee states as follows.

## FACTS

1. Each of these five related cases were commenced by the filing of voluntary petitions for relief under chapter 7 on April 18, 2014, and Randall L. Seaver was appointed as chapter 7 trustee.    The §341(a) meeting of creditors are now set for May 19, 2014, so the trustee has not had an opportunity to investigate the debtors.    In addition, the debtors have not yet completed the filing of all bankruptcy schedules and statements.

2. The chapter 7 petitions were accompanied by the statement of authority to sign and file chapter 7 petitions signed by Vivek Mittal, who is stated to be the President of each of the individual chapter 7 debtors.

3. On April 25, 2014, TWEI filed the motions now before the court seeking conversion of the cases from chapter 7 to chapter 11 pursuant to 11 U.S.C. §706(b). (Conversion Motions). The hearing on the Conversion Motions are set for April 29, 2014 at 1:00 p.m.    Including the weekend, the notice given was four days.

4. TWEI's Conversion Motions allege a "control dispute" within the companies but purports to <u>not</u> seek resolution of the control issues.    Memorandum in Support of Motion to Convert, Docket #15, p.2.

5. The Conversion Motions also assert that the debtors' assets are "worth millions of dollars", and that TWEI and its affiliate will provide "immediate debtor in possession financing of $500,000 . . . to pay employees for 30-45 days and at least an additional $2.7 – up to $3.2 million in additional DIP financing".    Such DIP financing would occur after the court converted the cases and appointed the chief restructuring officer requested by TWEI.    The Conversion Motions also

states that a third party offered to purchase Northwest Ohio Wind Energy, LLC's assets "for millions of dollars", although the identity of the buyer is claimed to be the subject of a confidentiality agreement.

6. The Conversion Motions also allege that the debtors' president, Vival Mittal, took actions to dilute TWEI's shares in Trishe Wind Energy Holdings, Inc. (Holdings)[1]. In a footnote to the Conversion Motion, TWEI claims to be a party in interest as the result of its continued ownership of 1,000 shares in Holdings.

7. The Conversion Motions are brought under 11 U.S.C. §706(b), as allowed by a party in interest which does not have ownership control over a debtor. Although §706(a) permits a debtor to voluntarily convert to chapter 11 at its discretion, the Conversion Motions are not brought under that subsection, an apparent concession by TREI that they do not have decision making authority over the debtors.

8. TWEI's claimed basis for conversion to chapter 11 is to enhance the value of the estate. TWEI's Conversion Motion also cites *in re Schlehuber*, 489 B.R. 570, 575 (8th Cir BAP 2013), for the proposition that having sufficient income to fund a plan is the most important factor in determining whether to convert a case from chapter 7 to chapter 11, as provided for in subsection (b) of §706.

9. The Conversion Motions state that a conversion is needed to maximize the value of the estate by having "a CRO evaluate Debtor's businesses and assets", and having assets "sold under a liquidating plan or a Section 363 sale, rather than liquidated under chapter 7". Conversion Memorandum at p.6.

10. The Conversion Motion also seeks an order employing Morris Anderson & Associates, Ltd (Morris Anderson) as Debtors' Chief Restructuring Officer. The Conversion

---

[1] Debtor Trishe Wind Energy Holdings, Inc. is stated to be the shareholder of the other four debtors.

Motions implies, but fails to explicitly state, that Morris Anderson would be in charge of the Debtors' business and operations under chapter 11. The Conversion Motion also fails to include an affidavit of disinterestedness or any other requirement of a professional to be employed by a bankruptcy estate, as required by §327 and Fed. R.Bankr. P. 2014.

## OBJECTIONS

11. The U.S. Trustee objects to the motions to convert and to the request for an expedited hearing. Although there clearly is no basis for an expedited hearing, the U.S. Trustee submits that the Conversion Motions should be denied first and foremost on their merits.

12. Despite TWEI's assertion of pre petition wrongdoing by the debtors and Vivek Mittal, Mr. Mittal used his undisputed authority to voluntarily put all of the assets of the debtors into the hands of an independent fiduciary trustee for liquidation. As independent trustee, Mr. Seaver is in the best position to investigate assets and pre petition transactions and maximize the recovery for both creditors and shareholders. He can investigate, both at and outside of the §341 meeting and if sufficient recovery is made to allow payment to shareholders, he can address any claims of shareholder dilution. (See, e.g §510(b)). As a result, no purpose is served by converting the cases to chapter 11. Instead, chapter 11 would add substantial unnecessary costs to the detriment of all parties.

13. The U.S. Trustee also disputes TWEI's claimed standing to bring the motion. Notwithstanding secret offers in the millions of dollars, the amount of debt remains unknown. If the debtors assets have value, and if an offer is made and accepted, and if the trustee sells assets, and if the proceeds exceed all creditor claims, then it is possible that TWEI would have standing to

bring this motion as a shareholder entitled to distribution. Without such proof, the court should not even consider TWEI's motion[2].

14. Also, in the Conversion Motions, TWEI concedes that the Debtors do not have sufficient funds to reorganize under chapter 11. The Debtors would need an immediate infusion of half a million dollars just to make payroll, and would need to borrow millions more on a DIP loan/priming lien basis, in order to go forward in chapter 11 and seek a sale of assets. No purpose is served by borrowing such substantial sums in order to do what the chapter 7 trustee is already capable of doing. Accordingly, the facts don't support the legal requirements established by the Eighth Circuit BAP in the *Schlehuber* case, to the extent that case applies[3].

15. Similarly, TWEI's assertion that it is not now seeking to have the "control dispute" resolved is belied by the facts set forth and relief sought in the motions. By granting the Conversion Motions, the court would in essence be taking control from the independent chapter 7 trustee and empowering the Chief Restructuring Officer with decision making authority. The relief would be tantamount to the appointment of a chapter 11 trustee without requiring the movant to meet the proof requirements of §1104, and would further enable them to choose the identity of the trustee without meeting the election requirements of §1104(b). Such relief cannot be countenanced.

---

[2] Moreover, TWEI or any other outsider buyer is still free to make the chapter 7 trustee an offer for the purchase of estate assets. The claimed availability of millions for DIP financing could presumably also be used for such a purchase.

[3] In fact, the U.S. Trustee submits that *Schlehuber* is distinguishable for numerous reasons, not least the fact that it involved individual debtors while these are corporate cases. The U.S. Trustee agrees it can stand for the limited principle that the court, in exercising its discretion regarding conversion under §706(b), can consider a debtor's independent ability to fund a chapter 11 plan.

16. In addition, since the bankruptcy schedules and statements have not yet been filed, nobody really yet knows the debt structure of the debtors, including the extent and priority of lien holders, priority claimants, tax obligations, executory contracts, etc. Without such knowledge, parties cannot even address whether or not conversion is appropriate, and again, it cannot be shown that TWEI has standing.

17. If there really is an offer for "tens of millions of dollars" for the debtors' assets, the chapter 7 trustee can pursue such a sale. If the sale value would be enhanced by having the businesses operating, he can obtain court approval do so for a limited period of time under 11 U.S.C. §721.

18. The U.S. Trustee also objects to the appointment of a chief restructuring officer because it is not clear who would be employing such a person. If it would be the debtors in possession, the individuals who controlled the Debtors pre petition have not agreed to such employment. The duly appointed chapter 7 trustee likewise has not agreed, and there has been no compliance with §327 or any other employment provision of the bankruptcy code. Without any basis in law, the CRO appointment must be denied.

19. Finally, the U.S. Trustee again objects to the expedited nature of the hearing. Although the U.S. Trustee was able to respond to the motion on two business days' notice, others may not. As a result, there may be many other issues for the court to consider before granting the relief sought by TWEI. The U.S. Trustee submits that based on the foregoing objections, the relief sought should be denied on the merits, but alternatively, the matter should be continued for a later hearing to allow others to respond as well.

20. For the foregoing reasons, the conversion of these cases from chapter 7 to chapter 11 must be denied.

WHEREFORE, the United States Trustee objects to the motions by TWEI in the above entitled chapter 7 cases seeking their conversion to chapter 11 and the appointment of a Chief Restructuring Officer.    The U.S. Trustee further objects to an expedited hearing.    The United States Trustee submits that the relief sough must be denied in each of the above captioned cases.

Dated: April 28, 2014                           DANIEL M. McDERMOTT
                                            United States Trustee
                                            Region 12

                                            By:  e/Michael R. Fadlovich
                                                MICHAEL R. FADLOVICH
                                                Trial Attorney
                                                MN Attorney I.D. No. 158410
                                                U.S. Trustee's Office
                                                Suite 1015 U.S. Courthouse
                                                300 South Fourth Street
                                                Minneapolis, MN  55415
                                                (612) 334-1356

## VERIFICATION

I, Michael R. Fadlovich, attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: April 28, 2014

                                        Signed:          e/Michael R. Fadlovich
                                                          MICHAEL R. FADLOVICH
                                                          Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

    TRISHE WIND ENERTY HOLDINGS, INC.

                               BKY 14-41665

            Chapter 7 Debtor

_____

In re:

    NATIONAL WIND, LLC.

                               BKY 14-41666

            Chapter 7 Debtor

_____

In re:

    NORTHWEST OHIO WIND ENERGY, LLC.

                               BKY 14-41667

            Chapter 7 Debtor

_____

In re:

    NECO WIND, LLC.

                               BKY 14-41668

            Chapter 7 Debtor

_____

In re:

    LAKE COUNTRY WIND ENERGY, LLC.

                               BKY 14-41669

            Chapter 7 Debtor

_____

O R D E R

_____

      The above-entitled cases came before the court on the motion by Trishe Wind Energy, Inc., seeking conversion of the cases from chapter 7 to chapter 11. Appearances were as noted in the record.

Based upon the motion, the objections of the U.S. Trustee, the arguments of counsel, the findings of the court on the record, and all of the files, records and proceedings herein, it is hereby ORDERED:

That the motions are denied in their entirety.

_____
KATHLEEN H. SANBERG
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

_____

In re:

    TRISHE WIND ENERTY HOLDINGS, INC.

                                     BKY 14-41665

            Chapter 7 Debtor

_____

In re:

    NATIONAL WIND, LLC.

                                       BKY 14-41666

            Chapter 7 Debtor

_____

In re:

    NORTHWEST OHIO WIND ENERGY, LLC.

                                       BKY 14-41667

            Chapter 7 Debtor

_____

In re:

    NECO WIND, LLC.

                                       BKY 14-41668

            Chapter 7 Debtor

_____

In re:

    LAKE COUNTRY WIND ENERGY, LLC.

                                     BKY 14-41669

            Chapter 7 Debtor

_____

The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on April 28, 2014, he caused to be served a copy of the attached: United States Trustee's Objection to Motion by Trishe Wind Energy, Inc. to convert these cases from chapter 7 to chapter 11, by placing said copy in a postpaid envelope

addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

    Lake Country Wind Energy, LLC
    706 2nd Avenue South
    Minneapolis, MN 55402

    Trishe Wind Energy Holdings, Inc.
    706 2nd Avenue South
    Minneapolis, MN 55402

    Northwest Ohio Wind Energy, LLC
    706 2nd Avenue South
    Minneapolis, MN 55402

    National Wind, LLC
    706 2nd Avenue South
    Minneapolis, MN 55402

    NECO Wind LLC
    706 2nd Avenue South
    Minneapolis, MN 55402
    Monica Clark, Esq.
    Dorsey & WhitneySuite 1500
    50 S. Sixth Street
    Minneapolis, MN   55402-1498

    Douglas W Kassebaum, Esq.
    Fredrikson & Byron P.A.
    200 South Sixth St
    Ste 4000
    Minneapolis, MN 55402

    Randall L. Seaver, trustee
    12400 Portland Avenue South
    Suite 132
    Burnsville, MN 55337

    David K Bowsher, Esq.
    Adams & Reese, LLP
    1901 6th Ave N.
    Suite 3000
    Birmingham, AL 35203

John M Duck, Esq.
4500 One Shell Square
701 Poydras St
New Orleans, LA 70139

Other parties were served via the court's CM/ECF system.

**By:**   e/Michael R. Fadlovich
Michael R. Fadlovich
Trial Attorney
MN Atty I.D. No. 158410
U.S. Trustee's Office
300 South Fourth St., #1015
Minneapolis, MN   55415
(612) 334-1356